Aaron Block v. Commissioner. Samuel S. Block v. Commissioner. George F. Block v. Commissioner.
Block v. Commissioner
Docket Nos. 111604, 111605, 111606.
United States Tax Court
1943 Tax Ct. Memo LEXIS 268; 2 T.C.M. (CCH) 213; T.C.M. (RIA) 43267; June 7, 1943
*268 Cecil Sims, Esq., and John S. Glenn, Jr., C.P.A., 709 American Bank Bldg., Nashville, Tenn., for the petitioner. Frank M. Thompson, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: These consolidated proceedings involve the following deficiencies in income tax for the calendar year 1940: 111604
$495.62
111605
46.12
111606
663.08
The sole issue arises from the respondent's disallowance of claimed bad debt deductions in the aggregate amount of $6,976.50, a portion of the amount being claimed by each petitioner. Findings of Fact The petitioners are residents of Nashville, Tennessee. Their returns for the calendar year 1940 on the cash basis were filed with the Collector of Internal Revenue at Nashville, Tennessee. Petitioners, who are brothers, were members of a partnership engaged in business in Nashville, Tennessee. Its business was buying and selling raw hides, wild herbs, skunk hides and walnuts. A. J. Block is a brother of petitioners, living in, and engaged in the retail drug business in, New York City. During the years 1936, 1937 and 1938 petitioners, collectively, advanced or loaned to A. J. Block various sums of money, *269 accepting his unsecured promissory notes payable to Block Brothers, the partnership, in the aggregate amount of $7,000. A portion of the advancements or loans resulted from the "discounting" of some notes which A. J. Block had accepted from the purchaser of his drug store in New York City. The drug store had been sold by A. J. Block during the year 1938. The total amount of these notes was $3,456.25. A. J. Block paid his brothers, or the partnership, during the year 1938 approximately $400. Additional advancements or loans were made by them to him during the year 1939 aggregating $2,982.75. Payments during 1939 reduced the total loans to $6,976.50. In the year 1940 A. J. Block took up his residence in Nashville, Tennessee, where he was engaged in the retail drug business, operating two retail drug stores for an undisclosed period of time. Some time later he liquidated this business, settling with his creditors for less than he owed them. Thereupon he returned to New York City and took back the drug store which he had previously sold, the purchaser having defaulted in the payment of a portion of the agreed purchase price. The Federal income tax return filed by A. J. Block for the *270 calendar year 1940 indicates that he had a net worth of approximately $7,000 at the end of that year, the balance sheet of the Plaza Pharmacy, Inc., a New York corporation, all or most of the stock of which was owned by him, showing an excess of assets over liabilities in the amount of $7,643.13. A. J. Block continued to operate the drug store in New York and to own the stock of the corporation throughout the year 1941 and until the date of the hearing in the instant proceedings. Petitioners never made any effort to collect the amount of the indebtedness, remained on friendly terms with him at all times and never even requested that a payment on account be made. A. J. Block was never adjudged a bankrupt, never made any assignment for the benefit of creditors, and petitioners never instituted or threatened to institute any proceedings against him. They knew that he was having only fair success in the operation of his business in New York and because of the fact that he was not in good health they did not feel that he should be pressed for the payment of the debt to them. Under date of December 31, 1940, petitioners caused an entry to be made on the partnership books of account charging *271 to profit and loss the $6,976.50 remaining unpaid on the indebtedness of A. J. Block. Each deducted from his gross income for that year his aliquot part of the amount as a bad debt. Respondent determined that the income of the partnership had been understated in the information return filed by it to the extent of the charge-off on the A. J. Block indebtedness. He therefore restored to the gross income of each petitioner the amount deducted by him as his aliquot part of the debt. The debt of A. J. Block to petitioners was not worthless at the end of the calendar year 1940. Opinion In the petitions it is alleged that the respondment erred in denying the claimed deductions. It is averred that the debt became worthless, was ascertained by the partners to be worthless, and was charged off within the calendar year 1940. Claim was therefore made that the deduction was proper under section 23 (k) of the Internal Revenue Code. The revenue act was amended in 1942 (section 124), the amendment being retroactive to include the calendar year 1940. The effect of the amendment as applicable here, is to limit the deduction of debts to those which "become worthless within the taxable year." The *272 amendment was called to the attention of petitioners and they undertook to prove that the debt from their brother to them became worthless within the year 1940. At the conclusion of the evidence it was stated that petitioners had failed to show that the debt in issue had become worthless within the taxable year. Examination of the record and exhibits confirms this view. Petitioners, obviously animated by pity, love or a kindred emotion, chose not to press their brother for payment of his debt. No doubt this was a commendable attitude to assume; but it does not entitle them to the deduction of a worthless debt. It is accordingly held that respondent committed no error in determining the deficiencies in issue. Decision will be entered for the respondent in each proceeding.